## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**QUINA MYERS, Individually and on Behalf of**
**All Others Similarly Situated**                                                                **PLAINTIFF**

**V.**                                        **CASE NO. 5:24-CV-5182**

**WALMART, INC.**                                                                                **DEFENDANT**

### OPINION AND ORDER

Now before the Court are Defendant Walmart's Motion to Dismiss, or in the Alternative, to Transfer or Stay (Doc. 15) and Plaintiff Quinta Myers's Response in Opposition (Doc. 20). On January 8, 2025, the Court held a hearing on the pending Motion, at which the Court received oral argument on the Motion and ruled from the bench. For the reasons stated from the bench and herein, the Motion is **GRANTED IN PART AND DENIED IN PART**.

Walmart argues that this case should be dismissed, or alternatively transferred or stayed, under the first-to-file rule, based on the earlier-filed case *Kahn v. Walmart Inc.*, No. 1:22-cv-04177 (N.D. Ill.). Both cases present allegations that Walmart charges customers more at checkout than the prices listed on the shelf, and both cases propose nationwide class actions under state consumer protection, unjust enrichment, and deceptive trade practices laws.

In cases of concurrent jurisdiction, it is well established that "the first court in which jurisdiction attaches has priority to consider the case." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir.1993) (citing *Orthmann & Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir.1985)). Courts generally consider three factors when determining whether to apply the first-to-file rule: (1) the chronology of actions; (2) the

1

similarity of the parties; and (3) the similarity of the issues. *Alltrade, Inc. v. Uniweld Prods. Inc.*, 946 F.2d 622, 625 (9th Cir.1991). The first-to-file rule is not a rigid, mechanical, or inflexible rule; instead, the rule should be applied in a manner that best serves the interests of justice. *Nw. Airlines, Inc.*, 989 F.2d at 1005. "The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Id.* (internal citations and quotation marks omitted).

Plaintiff does not appear to contest that the first-to-file rule would ordinarily apply here. There is no argument that *Kahn* was filed first, and the Court finds that the parties are substantially similar, if not identical, and the issues are substantially similar as well. *See Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016) (collecting cases) ("[F]or purposes of identity of the parties when applying the first-to-file rule, courts have looked at whether there is substantial overlap with the putative class even though the class has not yet been certified."); *e.g.*, *Young v. L'Oreal USA, Inc.*, 526 F. Supp. 3d 700, 706 (N.D. Cal. 2021) ("[C]ourts time after time have found legal issues to be substantially similar even when the subsequently filed action brought its claims under different state law.").

Myers instead argues that compelling circumstances exist for not applying the rule because she was not on notice of impending litigation before *Kahn* was filed and she seeks injunctive relief under the Declaratory Judgment Act, while Kahn only seeks injunctive relief under state law. The Eighth Circuit has noted two "red flags" that there may be compelling circumstances for not applying the rule: "first, that the 'first' suit was filed after the other party gave notice of its intention to sue; and, second, that the action was for declaratory judgment rather than for damages or equitable relief." *Boatmen's First*

2

*Nat. Bank of Kansas City v. Kansas Pub. Emps. Ret. Sys.*, 57 F.3d 638, 641 (8th Cir. 1995). Both red flags reflect a concern about a race to the courthouse by the natural defendant in anticipation of suit by the natural plaintiff, thereby depriving the natural plaintiff of their choice of forum. Neither red flag is implicated here; no one could seriously contend that Kahn was expected to notify all potential class members *before filing suit* so that other interested plaintiffs could file suit in their preferred forum before Kahn did. Further, both Kahn and Myers are natural plaintiffs, and Walmart did not file suit under the Declaratory Judgment Act to deprive them of their choice of forum. Therefore, the Court finds that the first-to-file rule applies here.

"Exercising its discretion, a later-filed court generally has three options: (1) transfer venue to the first-filed court, (2) stay its own proceedings until litigation in the first-filed court concludes, or (3) dismiss the claims before it without prejudice." *Beber v. NavSav Holdings, LLC*, 118 F.4th 921, 927 (8th Cir. 2024). The Eighth Circuit has "emphasized a preference for stays over dismissals to preserve any claims that might not be resolved by the parallel proceedings." *Ritchie Cap. Mgmt., L.L.C. v. BMO Harris Bank, N.A.*, 868 F.3d 661, 666 (8th Cir. 2017). Here, the Court finds there is a risk that a nationwide class will not be certified in *Kahn*, and that any subclasses which may be certified may not include a subclass of Pennsylvania residents like Myers. Walmart has offered no reason why dismissal specifically is necessary here, so the Court finds that dismissal is not appropriate.

With respect to transfer, the Court has substantial concerns about whether a court can properly transfer a case under the first-to-file rule when the case could not have been brought initially in the transferee court, as is required by 28 U.S.C. § 1404(a). The Ninth

Circuit and several district courts are currently at odds with many other district courts on this question, and the Eighth Circuit has yet to weigh in. *Compare In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018) (holding that the first-to-file rule does not "negate[ ] § 1404(a)'s requirement that an action may be transferred only to a district where it 'might have been brought'"), *and Dolan v. Ford Motor Co.*, 2023 WL 8627521 (E.D. Va. Dec. 13, 2023) ("[I]f the court chooses to transfer the case, the requirements of § 1404(a) necessarily cabin its discretion."), *with e.g.*, *Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC*, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017). Walmart conceded at the hearing that Myers likely could not have brought claims based on Walmart's Pennsylvania conduct in an Illinois court, which is why it did not seek transfer under § 1404(a).

Rather than wade into the quagmire, the Court finds that the remaining option, a stay, is appropriate here. This preserves the *Kahn* court's priority in considering the matter while reducing the risk of prejudice to Myers should Pennsylvania customers ultimately be excluded from that litigation.

**IT IS THEREFORE ORDERED** that the case is **STAYED** pending a dismissal or class certification decision in *Kahn v. Walmart Inc.*, No. 1:22-cv-04177 (N.D. Ill.), or until some other substantial change in circumstances justifies lifting the stay. All pleading, discovery, and other obligations of the parties in this matter are held in abeyance while the stay is in effect. However, the parties are directed to file tri-annual status reports of activity in the *Kahn* case, with the first such report being due on August 29, 2025, and at the end of every December, April, and August thereafter.

**IT IS FURTER ORDERED** that the Clerk of Court administratively close this case until such time as the stay may be lifted.

**IT IS SO ORDERED** on this 10th day of January, 2025.

                                                                      _____
                                                                      TIMOTHY L. BROOKS
                                                                  UNITED STATES DISTRICT JUDGE